# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2011

Lyle W. Cayce
Clerk

No. 10-50135
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PATRICK DANIEL MCLEAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:09-CR-270-1

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Patrick Daniel McLean pleaded guilty to a one-count information charging
him with receiving child pornography, and he was sentenced to 120 months of
imprisonment and supervised release for life. McLean argues that the district
court erred by not allowing him to withdraw his guilty plea based on the
Government's undisclosed discovery when the discovery would have likely
resulted in suppression based on the Government's improper use of an
administrative summons to obtain his internet subscriber records. He argues

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that a prosecutor has a duty to disclose evidence favorable to the defendant under *Brady v. Maryland*, 373 U.S. 83 (1963), and he contends that the record shows that the Government did not provide the administrative summons. McLean argues that but for the nondisclosure of the summons, he would not have entered a plea or he would have made a conditional plea reserving the right to appeal the Government's improper use of an administrative summons. He argues that the inability of counsel to present this legal issue of suppression makes his guilty plea unknowing and involuntary. The Government argues that the use of an administrative summons was disclosed in the search warrant affidavit provided to McLean's former and current counsel, that McLean knowingly and voluntarily entered into the guilty plea, that his valid guilty plea prohibits him from raising any issues, other than jurisdictional, that arose before the guilty plea, and that the district court did not abuse its discretion in denying McLean's withdrawal motion.

Once the district court accepts a defendant's guilty plea, the defendant has no absolute right to withdraw his guilty plea. FED. R. CRIM. P. 11(d); *United States v. Conroy*, 567 F.3d 174, 177 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1502 (2010); *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984). A district court may grant a motion to withdraw a guilty plea upon a showing of "a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *Conroy*, 567 F.3d at 177.

To enter a knowing and intelligent plea, the defendant must have "a full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). "Rule 11 ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting such a plea." *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002). McLean has not identified a single deviation from Rule 11 by the district court.

McLean focuses solely on the sixth *Carr* factor, whether the plea was knowing and voluntary. *See Carr*, 740 F.2d at 343-44. McLean argues that his guilty plea was not knowing and voluntary because his decision to plead guilty was based on incomplete information due to the fact that the Government failed to provide him with the administrative summons, which he argues amounts to a *Brady* violation. We assume for argument's sake that the Government failed to disclose the requested evidence as alleged.

"[T]he Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." *United States v. Ruiz*, 536 U.S. 622, 633 (2002). McLean's guilty plea precludes him from claiming that the Government's alleged failure to disclose the summons was a *Brady* violation, or from claiming that the use of the summons was unconstitutional. *See Conroy*, 567 F.3d at 179 (holding that a *Brady* violation is waived by guilty plea); *see also United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002) (noting that a Fourth Amendment claim is waived by guilty plea). We conclude that McLean's guilty plea was knowing and voluntary, as did the district court. *See Conroy*, 567 F.3d at 179.

McLean makes no argument concerning the remaining *Carr* factors. McLean has never asserted his factual innocence, and an assertion of legal innocence is not sufficient to warrant withdrawal of a guilty plea. *See Carr*, 740 F. 2d at 344. McLean pleaded guilty on April 9 and filed his motion to withdraw on November 9. The district court found that this was an unreasonable delay. This factor depends on whose assertions are credited concerning when the existence of and use of the administrative summons was disclosed. The Government argues that McLean had the close assistance of able counsel. McLean indicated that he was satisfied with May's representation at the plea hearing. The district court found that McLean's original counsel was extremely competent. McLean makes no argument challenging that finding, except to the extent that he argues that if the summons had been disclosed to

May, he could have provided different advice. The Government argues that it would suffer prejudice and judicial resources would be wasted by having to entertain a motion to suppress lacking legal merit, as the district court so found. We need not analyze the merits of the suppression issue to make a determination on this factor, when consideration of the merits of the *Brady*/suppression issue was waived by McLean's knowing and voluntary guilty plea.

The *Carr* factors weigh against McLean. McLean's allegations do not constitute a "fair and just" reason warranting withdrawal of his guilty plea. We affirm the district court's denial of McLean's motion to withdraw his plea based on alleged undisclosed evidence of a possible Fourth Amendment violation. *See Conroy*, 567 F.3d at 178.

McLean argues that the district court erred by denying his motion for relief from discovery violations by ruling that the discovery was irrelevant and thus improperly allowing upward adjustments at sentencing which were based on the discovery at issue. A district court has the power to regulate discovery, and if a party fails to comply with the rules governing discovery, the district court may order the discovery, grant a continuance, or prohibit the party from introducing the undisclosed evidence. FED. R. CRIM. P. 16(d)(2). We review a district court's order concerning sanctions for discovery violations for an abuse of discretion. *United States v. Garrett*, 238 F.3d 293, 297-98 (5th Cir. 2000).

In its order denying McLean's motion for relief from discovery violations, the district court correctly noted that McLean sought exclusion of the documents, or in the alternative, a continuance of sentencing. The district court determined that McLean had received the requested evidence and granted a continuance of sentencing from November 19, 2009, to January 28, 2010. Thus, the district court denied McLean's motion for relief from discovery violations as moot because the requested relief of a continuance had been granted. The district court did not abuse its discretion. *See Garrett*, 238 F.3d at 297-98.

AFFIRMED.